The Chief Justice
delivered the opinion of the Court:
These are two motions certified from the Orphans’ Court to be heard here in the first instance, and the question presented is whether or not these companies can perform the duties specified in sections 31 and 32 of the Act of Congress entitled ‘ ‘An act to provide for the incorporation of trust, loan, mortgage and certain other corporations within the District of Columbia’ ’ approved October 1, 1890, (26 Stat., 625, et seq.,') and become executors, administrators, guardians or trustees, without the execution of a bond.
It appears that this and other companies were originally organized under laws of different States, perhaps, and were doing business in the city of Washington at the time of the passage of this act of Congress. Each of the companies, however, have complied with the provisions of the act of Congress by filing proper vouchers and taking steps required by it in order to enable them to become authorized to do business. The court examined this question upon a former *316 presentation,, and we were in doubt as to whether or not these companies, having been previously organized under State laws, and simply coming in and choosing to comply with this law so as to authorize them to proceed under the provisions of this act, ought to be regarded as included in the provisions of section thirty-one, “that no bond or other collateral security, except as hereinafter stated, shall be required from any trust company incorporated under this act, ’ ’ or whether the provisions of .this act applied exclusively to the incorporation of companies under it originally. The question is, what are to be regarded as existing corporations under the provisions of this statute so as to be included in section thirty-one. We have re-examined the question, and all are agreed that there can be no doubt that companies that were existing at the time of the passage of this act of Congress are described and included in section thirty-one. A comparison of that section with other sections of the statute we think removes every doubt as to whether they are to be considered as covered by this act. We are of the opinion that they are doing business now only by virtue of their incorporation under this act, and not under any previous incorporation under any State law. When they came under ■ this law they surrendered their powers and authority derived under their original incorporation.

A proper order in accordance with this view of the law may be entered and the matter remanded to the Orphans' Court.